GOZZLER (COYLE v.).　　See Case No. 3,312.

---

## Case No. 5,648.

### GRACE et al. v. AMERICAN CENT. INS. CO.

[16 Blatchf. 433; 8 Reporter, 771; 8 Ins. Law J. 731.] [1]

Circuit Court, E. D. New York. June 26, 1879. [2]

POLICY OF INSURANCE—CANCELLATION—NOTICE TO AGENT.

1. G. instructed N., an insurance broker, to procure fire insurance. N. employed another insurance broker, A., who procured a policy from the defendant, and it passed to G. The policy, in clause 8, provided, that the policy might be terminated at any time, at the request of the assured, and also at the option of the insurer, on giving notice to that effect, and that any person other than the assured, who "may have procured" the insurance to be taken, should be deemed to be the agent of the assured and not of the insurer, "under any circumstances whatever, or in any transaction relating to this insurance." Afterwards the defendant notified A. of its election to then terminate the policy. A. accepted the notice and promised to return the policy. The next night the property insured was burned. G. had no knowledge, then, of the notice of termination. In a suit by G. on the policy: Held, that the policy was terminated by the notice.

[Cited in Adams v. Manufacturers' & Builders' Fire Ins. Co., 17 Fed. 632; Chadbourne v. German-American Ins. Co., 31 Fed. 534.]

[Cited in Insurance Co. v. Brecheisen, 50 Ohio, 548, 35 N. E. 55; Indiana Ins. Co. v. Hartwell, 100 Ind. 568.]

[See note at end of case.]

2. By the terms of the policy, A. was the agent of G. for the purpose of accepting notice of the termination of the insurance.

[See note at end of case.]

3. It was competent for the defendant to show a universal custom for the insurer desiring to terminate a risk to give notice to the broker who procured the risk.

4. The evidence in relation to such custom being positive and uncontradicted, it was not error for the court not to submit to the jury the question as to whether the existence of such a custom had been proved.

5. It was not competent for the plaintiff to show a usage that a notice to the broker did not take effect until a reasonable time had elapsed.

6. The plaintiff, by accepting the policy, ratified the employment of A., so as to make A. the person who procured the insurance.

[See note at end of case.]

---

1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

1 [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission. 8 Reporter, 771, contains only a condensed report.]

2 [Reversed in 109 U. S. 278, 3 Sup. Ct. 207.]

At law.

Winchester Britton, for plaintiffs.
George W. Parsons, for defendant.

BENEDICT, District Judge. This case comes before the court upon a motion for a new trial. The action is brought upon a policy of insurance, to recover for the destruction, by fire, of certain lumber belonging to the plaintiffs [William R. Grace and others]. A trial was had before the court and a jury, when a verdict was rendered for the defendant. [Case No. 5,649.] The plaintiffs now move for a new trial, upon exceptions to certain rulings of the court made at the trial.

The evidence shows, that the plaintiffs had instructed one Noyes, an insurance broker in New York, to procure for him insurance, to a large amount, upon a quantity of lumber. Noyes employed F. H. Anthony, also an insurance broker, to effect insurance in Brooklyn; and, accordingly, Anthony procured several policies in the name of the plaintiffs. Among them was the policy in suit, which, when procured, was passed to the possession of the plaintiffs. This policy contained the following clause: "8. This insurance may be terminated at any time at the request of the assured, in which case the company shall retain only the customary short rates for the time the policy has been in force. The insurance may also be terminated at any time at the option of the company, on giving notice to that effect, and refunding a ratable proportion of the premium, for the unexpired term of the policy. It is a part of the contract, that any person other than the assured, who may have procured this insurance to be taken by this company, shall be deemed to be the agent of the assured named in this policy, and not of this company, under any circumstances whatever, or in any transaction relating to this insurance." A few days after the delivery of this policy, the defendant notified Anthony of its election to terminate the policy at that time. Anthony accepted the notice, and promised to return the policy. On the following night a fire occurred, by which the property insured was destroyed. At the time of the fire, the plaintiffs had no knowledge of what had taken place between the defendant and Anthony, in regard to terminating the insurance. Upon these facts the plaintiffs requested the court to instruct the jury to find a verdict for the plaintiffs, for the amount of the policy, $5,447 37. The request was refused, and the plaintiffs excepted. This exception presents, for determination, the main question in dispute between these parties, viz.: whether the notice of termination of the insurance given by the defendant to the broker, Anthony, and accepted by the latter in behalf of the plaintiffs, had the legal effect to terminate the insurance. If such was the effect of that notice, the ruling in question was right. If such was not its effect, a verdict for the plaintiffs for $5,447 37 should have been directed, as requested by the plaintiffs.

Upon this question my opinion is, that the insurance was terminated by the notice of termination given to the broker, Anthony, and that the ruling excepted to was right. The contention on the part of the plaintiffs is, that Anthony was not the agent of the plaintiffs for the purpose of accepting notice of termination of the insurance, and, therefore, the notice given to Anthony could not affect the plaintiffs' rights under the policy. The contention on the part of the defendant is, that the effect of the 8th clause of the policy, above set forth, was to enable the insurer to terminate the insurance at any time, by giving notice to the person who procured the insurance to be taken; and that Anthony was such person. The determination of this question depends upon the effect to be given to the 8th clause of the policy, above set forth. In considering this clause, it will be observed, that the apparent object of the clause is to provide a method of terminating the insurance. No other subject is specifically mentioned in it. It contains a specific provision for a termination of the insurance by the insured, which is followed by a specific provision for a termination of the insurance on the part of the insurer, by giving notice to that effect; and then follows the provision, that, in case the insurance has been procured by a person other than the insured, such person shall be deemed to be the agent of the assured, "in any transaction relating to this insurance." That terminating the risk is a transaction relating to the insurance cannot be denied; and, inasmuch as the method of conducting such a transaction is the subject to which the prior portion of the clause is devoted, the natural inference is, that the subsequent general phrase, "any transaction relating to this insurance," was intended to cover the transaction provided for in the former part of the clause, viz., a termination of the risk by means of a notice to that effect. No language is to be found in any part of the policy indicating an intention to give a limited effect to the phrase, "any transaction relating to this insurance;" and, in the absence of language indicating such an intention, it is difficult to find ground on which to deny to the words used their natural significance and scope. The position taken by the plaintiffs is, that the words, "relating to the procurement of," must be supplied, and the phrase construed as if it read, "any transaction relating to the procurement of this insurance." The only ground upon which such a material addition is based is, that, without some such limit, results clearly never intended would follow from the phrase, such as, permitting the broker to cancel the policy, or, under clause 11, bind the insured in the matter of repairs by the insurer. I think

reason can be found for denying to the clause in question any effect in the cases suggested and for limiting the effect of the phrase, "any transaction relating to this insurance," to the subject-matter of the clause of which it forms a part; but, however this may be, still the fact that the language, if given its ordinary significance, will work hardships under some circumstances, is no good reason for adding words of limitation not used by the parties. Provisions in policies, which are intended to, and do, render the contract of little value to the insured, are common enough. If it had been the intention of the parties that the phrase under consideration should be limited to acts relating to the procurement of the insurance, it would have been easy to say so; and no reason has been assigned for an ómission to disclose such an intention by the language employed. In truth, an intention to refer to acts done subsequent to the procurement of the policy is affirmatively indicated by the words, "who may have procured this insurance." My conclusion, drawn from the language employed in the policy is, that these parties intended to agree, that, in case of an election by the defendant to terminate the risk, such termination might be effected by notice given to the broker who procured the insurance to be taken. This conclusion is strengthened by the evidence introduced by the defendant, showing a universal custom, in cases where the insurer intends to terminate a risk, to give the notice of termination to the broker who procured the risk. The admission of this evidence was objected to by the plaintiffs, but the evidence was competent, not, indeed, to make thereby a contract for the parties, or to alter the contract that was made, or to show authority in Anthony, but to show the circumstances under which the contract was made, for the purpose of throwing light upon the intention of the parties in using the language which they employed. For this purpose, the evidence in regard to custom was competent. The fact that the language employed in clause 8, as I have understood it, tends to render the policy a contract in harmony with the usage of the trade, goes to confirm the correctness of that understanding. But, it is said, that the court erred in not submitting to the jury the question whether the existence of such a usage had been proved. The evidence in relation to the custom was positive and wholly uncontradicted. It permitted but one conclusion, namely, that the custom contended for did exist. There was nothing, therefore, for the jury to pass on, and the court had a right to treat the custom as a fact proved, and to construe the contract in the light of that fact.

Evidence of the practice in regard to giving notice of termination of the risk having been admitted, the plaintiffs offered to show, that when, in accordance with that practice, notice is given to the broker, the understanding is, that the notice does not take effect until a reasonable time has elapsed. This offer was rejected, and the correctness of that ruling is also called in question upon this motion. The reason for the rejection of the plaintiffs' offer was, that it was an attempt, by evidence of usage, to change the contract which the parties had made. The agreement in the policy is, that the insurance is to be terminated when notice to that effect is given. The policy does not provide for any lapse of time after the giving of the notice, during which the insurer is to be bound. On the contrary, the contract states that the insurance terminates on giving the notice. The evidence offered by the plaintiffs was, therefore, immaterial, and the plaintiffs take nothing by their exception to the exclusion of their offer.

There remains the question, whether the evidence shows Anthony to be the person who procured the insurance to be taken, within the meaning of the 8th clause of the policy. As to this, there is no room for doubt. The only person known to the defendant, as the person procuring the insurance, was Anthony. The principals never met. Anthony procured the insurance, the policy was sent to him, and his name was endorsed upon it as the agent procuring it. The plaintiffs received the policy so procured, and are now suing upon it. It is true, the plaintiffs did not employ Anthony directly, but he employed Noyes, who, in turn, employed Anthony, and the plaintiffs, by accepting the policy procured by Anthony, ratified the employment of Anthony. They have adopted as their own the act of Anthony in entering into a contract in their behalf, one provision of which contract is, that notice of termination of the insurance, given to Anthony, should be equivalent to notice given to them.

My conclusion, therefore, is, that none of the exceptions taken at the trial afford ground for setting aside the verdict, and that judgment must be entered for the defendant.

[NOTE. On writ of error sued out by the plaintiffs, the judgment of the circuit court was reversed in an opinion by Mr. Justice Harlan (109 U. S. 278, 3 Sup. Ct. 207). The words quoted from clause 8 of the policy, in their natural and ordinary signification, import nothing more than that the person obtaining the insurance was to be deemed the agent of the insured in all matters immediately connected with the procurement of the policy. When the contract was consummated by the delivery of the policy, he ceased to be the agent of the insured. If the clause was doubtful, then, as the words of an instrument are to be taken most strongly against a party employing them, they are therefore most favorable to the insured.]