Hiram Van Valkenburgh, Respondent, *v*. The Lenox Fire Insurance Company, Appellant.

51 465
121 460
51 465
127 615

Where a policy of fire insurance reserves to the underwriter the right to terminate the insurance on giving notice to that effect and refunding a ratable proportion of the premium for the unexpired term; to cancel the contract it is requisite, 1st. That notice should be given to the assured that the insurance is terminated, not that it will be at a future day; 2d. That the amount to be returned should be paid or tendered to the assured. He must be sought out and tender made; holding it subject to his call is insufficient. The underwriter must be certain also that the whole "ratable proportion" is refunded. This is a condition precedent, and payment of a less sum does not terminate the insurance.

(Argued October 1, 1872; decided January term, 1873.)

Appeal from judgment of the General Term of the Supreme Court in the eighth judicial district, affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was founded upon a policy of insurance issued by the defendant on the 23d of May, 1865, to one George Brown. The policy was assigned by Brown to the plaintiff on the eleventh day of July, 1865, with the assent of the defendant, and on the 25th of December, 1865, the buildings covered by the policy were destroyed by fire. The court directed a verdict for the plaintiff for the amount of the claim.

The facts bearing upon the questions discussed are stated in the opinion.

*Samuel Hand* for the appellant.

*George Wadsworth* for the respondent. If plaintiff is to be bound by the acts of Hansen & Holmes as his agents, he is entitled to the agency of both, and is not bound by the acts of Hansen only. (Dunlap's Paley on Agency, 177; Story on Agency, § 42; Story on Bailments, § 202; *Green* v. *Miller*, 6 J. R., 39; *Franklin* v. *Osgood*, 14 id., 553; *Sinclair* v. *Jackson*, 8 Cow., 544.) The individual acts of Hansen bind

neither the principal nor the other member of the firm. (*Hamilton* v. *Douglas*, 46 N. Y., 218; Collyer on Part., §§ 118, 121, 545, 546, and note; *Darling* v. *March*, 22 Me., 184; *Martine* v. *Internat. L. A. Soc.*, 5 Alb. Law Jour., 364, and 6 Alb. Law Jour., 189.) An agency to transact business for a firm or an individual is terminated by the formation of a copartnership. (*Callaman* v. *Van Vleck*, 36 Barb., 324; affirmed, 41 N. Y., 619; *Hoppock* v. *Moses*, 43 How. Pr. R., 201, 214.) Condition VI of the policy did not make Hansen & Holmes the general agents of Brown or plaintiff's irrevocably, but relates only to the transactions at the time of obtaining the policy. (2 Phillips on Ins., 529, §§ 1865, 1870, 1876, 1881, 1882, 1891; *Masters* v. *Mad. County Ins. Co.*, 11 Barb., 632; *Rowley* v. *Em. Ins. Co.*, 36 N. Y., 553; *M. I. Works* v. *Phœnix Ins. Co.*, 25 Conn., 465; *Clark* v. *Union Ins. Co.*, 40 N. H., 333.) Notice and payment were conditions precedent, to be strictly performed by defendant before it could cancel the policy. (*Hathorn* v. *Germania Ins. Co.*, 55 Barb., 28.)

HUNT, C. The answer of the defendant admits the making and assignment of the policy, and alleges in defence that before the occurrence of the loss by fire (on the 25th of December) the policy of insurance had been surrendered and canceled, and the *pro rata* premium for the unexpired term paid to the plaintiff, in pursuance of one of the conditions in the policy of insurance.

The condition referred to is in the following words: "II. This insurance may be terminated at any time at the request of the assured, in which case the company may retain only the customary short rates for the time the policy has been in force. The insurance may also be at any time terminated, at the option of the company, on giving notice to that effect, and refunding a ratable proportion of the premium for the unexpired term of the policy."

In the latter part of November, 1865, the company gave notice to Mr. Hansen, who is claimed to be the agent of the

plaintiff, "that they would cancel said policy and return him the unearned premium, *pro rata*, for the unexpired term; but would allow him until the sixth day of December, 1865, at 12 M., to place the insurance elsewhere, after which time the assured was to surrender all claim to the policy."

On the sixth day of December the policy was canceled on the books of the company, the unearned premium was calculated, amounting to $24.46, and the money was subject to the call of the plaintiff or his agent.

On the thirtieth day of December Mr. Hansen called at the office of the company, received the $24.46, and signed a cancellation receipt. The property was destroyed by fire on the twenty-fifth day of December, and this fact was unknown to the company and to Mr. Hansen when the transaction of the 30th of December took place. No offer or tender of the money was made by the company to Mr. Hansen or any other person, nor was any money actually paid to any one until the 30th of December. The policy commenced May 23d, 1865, was to continue for one year, and the sum of $66.66 was paid for the insurance for one year.

On this state of facts I am of the opinion that the judgment was rightly ordered for the plaintiff. By the fire of the 25th of December the character of the contract became changed. It had before been executory and contingent; it now became fixed and certain. The contingency on which the liability was made to depend had occurred, and the company was an absolute debtor to the plaintiff for the amount of the insurance. The negotiations after this time could not relieve the company of its liability. The receipt by the plaintiff in person of twenty-four dollars and forty-six cents in discharge of an indebtedness of $1,600, would not accomplish that result, unless accompanied by a technical release under seal. A debt cannot otherwise be discharged by the payment of a part only of the amount of the debt. But the conditions on which a discharge was authorized were not complied with.

By the condition given in the policy the "insurance may

be terminated at the option of the company." The mode of terminating the contract under this condition is clearly pointed out: 1. "On giving notice to that effect," that is, giving notice that the insurance was then and there and by the notice terminated, not that it would be terminated at some future time. 2. By "refunding a ratable proportion of the premium for the unexpired term of the policy."

The claim of the company is, that by the notice which I have recited the insurance terminated on the 6th of December, on which day they entered a cancellation in their books. Passing by the other questions, I remark: 1. That no ratable proportion of the premium was on that day paid, or tendered to the plaintiff or to any one in his behalf. One who has a payment to make is bound to seek his creditor, and when found to tender him the debt due. It is not the duty of the creditor to seek the debtor and demand the money. A suit for money due may be brought at the instant of the maturity of a debt, without previous demand, and this can only be avoided by a prompt tender by the debtor. Nor was such payment or tender made until after the liability of the defendant became fixed and absolute by the fire of December 25th. Until such tender or payment, the cancellation rested upon a notice merely. The defendants gave notice that on a day named it would hold the contract to be at an end. There was no provision in the policy, nor is there authority of law, for a cancellation by notice unaccompanied by payment of the money. 2. The payment actually made was insufficient in amount. It was the business of the defendant in making the payment to be certain that enough was paid. "A ratable proportion of the unexpired premium" must be paid. This is a positive condition precedent, upon the performance of which their release depends. In case the policy is terminated at the request of the assured, it is provided that the company may retain the customary short rates for the time the policy has been in force. Not so, however, when the policy is terminated by the option of the company. In that event the company must refund a ratable proportion

of the premium for the unexpired term. The entire premium was sixty-six dollars and sixty-six cents. The entire term was 365 days. The unexpired term, viz., from December 6th to May 23d, was 168 days. The arithmetical proportion is this: As 365 days is to sixty-six dollars and sixty-six cents, so is 168 days (unexpired time) to the answer, 365 : $66.66 (168). The answer is thirty dollars and sixty-eight cents. In other words, the premium amounts to $18\frac{96}{365}$ cents per day. For 168 days this is thirty dollars and sixty-eight cents. This was the sum to be refunded as a condition to the abandonment of the policy. The sum actually refunded was only twenty-four dollars and forty-six cents; too little by six dollars and twenty-two cents.

If the period, when the policy was alleged to be terminated, should be assumed to be December 30th, when the money was actually paid to Mr. Hansen, the amount paid would still be insufficient by the amount of one dollar and eighty-four cents. There is no principle, however, upon which any other calculation can be made than from the 6th of December. If the contract was terminated at all, it was on and as of that day. Such was the entry in the defendant's books, and such is the legal effect of their notice, if effectual for any purpose.

I think Hansen cannot be held to be the agent of the plaintiff to consent to an abandonment of his insurance. The plaintiff at the utmost had authorized Hansen to apply for permission to make an addition to the building. A notice to him on that subject would doubtless have been competent. It is quite too much, however, to make this the basis of an agency by which he could terminate the contract. The conclusion is not authorized by the premises.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.