Filed Nov. 8, 1883.

———◆———

No. 10,658.

THE ÆTNA INSURANCE COMPANY *v.* WEISSINGER, ADMINISTRATOR.

FIRE INSURANCE.—*Cancellation of Policy.*—In a suit upon a fire policy containing a condition authorizing the underwriter to cancel the policy upon repayment of a ratable part of the premium, it was answered that this

had been done before the fire; that the parties agreed upon $13 as the return premium, which had been paid and accepted. The evidence showed that a ratable part of the premium was $13.83, and there was a verdict for the plaintiff, though the evidence showed the agreement to receive and the payment of $13 as pleaded.

*Held,* that the answer was good, and a new trial should have been granted.

From the Posey Circuit Court.

*W. H. De Wolf* and *S. N. Chambers,* for appellant.

*A. P. Hovey* and *G. V. Menzies,* for appellee.

BICKNELL, C. C.—This was an action upon a policy of insurance, No. 339, by the administrator of the assured. The complaint was in the common form, alleging a loss by fire on May 29th, 1879. One of the conditions of the policy was that, " if the company shall so elect, it shall be optional with the company to cancel the policy, which shall cease on notice being given to the assured, his or their representatives, of its decision to do so, and on tendering a ratable proportion of the premium for the unexpired term."

The defendant answered in three paragraphs:

1. The general denial.

2. Admitting the execution of the policy and the loss, and averring that before such loss the company availed itself of said condition, and on February 18th, 1879, by its agent, paid the assured thirteen dollars, which he received and accepted in full payment as the ratable proportion of the premium for the unexpired term of the policy, and said policy was then cancelled, and the assured agreed to return said policy to the company.

3. This paragraph differed from the second paragraph by averring that the assured owed Frank Smith fifty dollars; that the defendant notified the assured of its election to determine the policy, and that the defendant and the assured agreed that the premium for the unexpired term of the policy was thirteen dollars, and that said sum should be paid by the defendant to said Smith, to be credited on his account against the assured; that said sum was so paid and credited, and the assured gave the defendant the following receipt signed by him :

The Ætna Insurance Company *v.* Weissinger, Administrator.

"$13.    MOUNT VERNON, IND., February 18th, 1879.

"Received of W. L. Sullivan, agent of the Ætna Insurance Company of Hartford, Connecticut, the sum of thirteen dollars, being for return premium on No. 339 cancelled."

The plaintiff replied in denial of these special defences. The issues were tried by the court who found for the plaintiff $1,200. The defendant's motion for a new trial was overruled. Judgment was rendered upon the finding, and the defendant appealed.

The only error assigned is, overruling the motion for a new trial. There were several reasons for a new trial, but the only question discussed in the appellant's brief is the sufficiency of the evidence. The condition hereinbefore set forth was valid, but the right thereby secured to the company could be exercised only by a strict compliance with the condition. In the absence of any further agreement the whole ratable proportion of the premium was required to be refunded. The payment of a less sum would not alone put an end to the insurance. *Van Valkenburgh* v̇. *Lenox F. Ins. Co.*, 51 N. Y. 465; *Hathorn* v. *Germania Ins. Co.*, 55 Barb. 28; May Ins., section 574; Wood Ins., section 106.

It is not alleged in the second paragraph of the answer that the whole amount of the ratable proportion of the premium was actually paid. The allegation is that thirteen dollars was paid, which was accepted as a full payment of such ratable proportion, and thereupon the policy was cancelled, and the assured agreed to return it to the defendant. And the third paragraph of the answer does not allege that the amount paid was the whole amount of such ratable proportion. Its allegation is that it was agreed between the assured and the defendant that the amount of such ratable proportion was thirteen dollars, which was paid and accepted in full thereof, the assured giving the defendant a receipt therefor, "being for return premium on No. 339 cancelled."

These defences being met only by the general denials, if

either of them was sustained by the evidence, 'the finding should have been for the defendant.

The evidence was substantially as follows:

The plaintiff proved the policy and the loss as stated in the complaint, and that the defendant had refused to pay the policy, alleging that it had been cancelled. Here the plaintiff rested and the defendant proved and read in evidence the receipt as set forth in its third defence, and also proved a conversation between the assured and the defendant's agent, in which the assured directed the agent to give him credit on his account in the books. They were talking about insurance and policies, but the witness could not say what policy they were speaking of.

The defendant then rested, and the plaintiff, in rebuttal, proved that the unearned premium on the policy was $13.83, and that on a cancellation by mutual agreement, the amount to be paid would be agreed upon, and that when a policy is cancelled, there are two rates known to insurance companies, the long and the short rate; that on a cancellation by request of the assured, the short rate is charged; if cancelled by the company, the long rate is charged. This closed the proof.

Upon this evidence it clearly appears that the unearned premium was not refunded; eighty-three cents of it was left unpaid. But, as already stated, there was no issue joined as to that.

The defendant, in its defences, had not averred that the whole amount of the unearned premium was paid. Their averment was substantially that the defendant and the assured had agreed that the amount of the unearned premium was $13, which the company had paid, and the assured had received, as a full payment of the ratable proportion of the premium, and that the assured had given the defendant a writing stating that he had received $13 for return premium on the policy, and that the same was cancelled.

The assured had a right to take or refuse the $13. He had a right to agree with the defendant that the unearned pre-

mium was $13; he had a right to take that sum in cancellation of the policy. The receipt shows that he did this. There was no evidence tending to show any mistake in the writing; it was given for the amount actually paid and received, and shows upon its face that that amount was taken for the cancellation of the insurance. Even where a mistake in such a writing can be corrected, it can be done only upon proper averments and evidence. Not only was the answer substantially sustained by the evidence, but, upon the issues joined by the reply, the evidence was all in support of the answer. It was not a case of conflicting evidence, nor of immaterial issues; the special defences allege an agreement as to the amount to be paid upon cancellation, the payment of that amount, and thereupon a cancellation of the policy. These defences were proved in substance, and they constituted a sufficient defence to the action. The court, therefore, erred in overruling the motion for a new trial. The judgment ought to be reversed and a new trial should be granted.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things reversed, at the costs of the appellee, and this cause is remanded for a new trial.

