FANNY LATTAN AND ANGELICA LATTAN v. ROYAL
INSURANCE COMPANY.

1. A provision in a policy of insurance "that in case there be any insurance in any other office extending to the property hereby insured, then this company, in case of a loss, will only be liable to pay its ratable proportion of the damage," has relation to the existence in fact of other insurance at the time of the loss, and does not bind the assured to keep up another policy which was on the property. He may consent to or submit to a cancellation of the latter before the loss has occurred, without affecting his rights under the former.

2. To effect the cancellation of a policy under a condition that "the insurance may be terminated at the option of the company, on giving notice to that effect and refunding a ratable proportion of the premium for the unexpired term of the policy," there must be proof that the conditions on which the right to terminate the insurance depended were complied with before the loss occurred.

3. A notice dated February 3d, 1874, stating that the company, desiring to cancel the policy, will allow the assured until the 4th of February, 1874, to replace the same in some other company, but on and after said date will consider said policy as canceled and of no further force and effect, is sufficient in form. But proof that the notice was prepared on the day it bears date, for immediate service; that it was found among the papers of the assured after his death—the fire, which happened February 12th, 1874, having occurred in his lifetime—is not sufficient proof of service.

4. A policy of insurance issued to the owner of the premises, in which is written "Loss, if any, payable to F. L. and A. L., mortgagees," is a contract by the insurer with the mortgagees to pay them the insurance money according to the terms of the policy. It is also a contract for the full term for which the policy is issued, and the insurer, under such a stipulation as is in question, cannot terminate the contract of insurance by withdrawing it before the expiration of the term specified in the contract, without notice to the mortgagees.

5. Repayment, or a tender of the ratable proportion of the premium, is also a prerequisite to the termination of the policy. Notice without repayment, or an actual tender of payment, is no compliance with the condition unless there be a waiver of repayment.

6. Repayment or a tender to the assured is compliance with the condition; but a credit by the company of a ratable proportion of the premium on a debt due to it from the assured, not assented to by him, is not sufficient.

7. Though the mortgagees to whom the insurance money is payable are entitled to notice of the withdrawal of the contract of insurance by the

insurer, they take their contract subject to be defeated by the breach of the conditions of insurance by the assured.

On case certified from the Monmouth Circuit.

This suit was brought on a policy of insurance against loss by fire issued by the defendant for $3000. The policy was dated August 4th, 1873, and was issued to Peter Righter, the owner of the property insured. Written in the body of the policy was this clause: "Loss, if any, payable to Fanny Lattan and Angelica Lattan, of the city of New York." The policy was to run for one year.

The buildings insured were destroyed by fire February 12th, 1874.

On the 9th of July, 1873, Righter had taken out a policy of insurance on the same property in the Hibernia Insurance Company for $2000, to be in force for one year. In this policy also was written "Loss, if any, payable to Fanny Lattan and Angelica Lattan, mortgagees" Righter, when he took out the policy, paid $45, the full premium for an insurance for one year.

The Hibernia company canceled its policy by an entry in its books, "Canceled February 4th, 1874."

Suit was brought on the Hibernia policy by the administrators of Righter.

On the 12th of June, 1875, the adjuster of the Royal Insurance Company adjusted the entire loss at $4300, and apportioned it—$2650 to be paid by that company, and $1650 to be paid by the Hibernia company. The latter company, denying its liability under its policy, took no part in the adjustment.

The Royal Insurance Company then paid the said sum of $2650, and signed the following paper:

"The Royal Insurance Company of Liverpool hereby admit and declare that they have received due notice and full proof of loss and damage by fire, on the 12th February last, to property of Peter Righter, in city of Newark, State of New

Jersey, insured under their policy No. 1,139,554, for $3000. And the said company having, this 12th day of June, 1875, paid upon said loss the sum of $2650, they hereby agree to pay to the administrators of said Peter Righter the balance of three hundred and fifty dollars, in case the suit brought by said administrators against the Hibernia Insurance Company, upon the policy issued by them, shall fail of recovering a verdict, on demand thereafter.

  [Signed,]  "ROYAL INSURANCE COMPANY,
       "Per GEORGE WOOD, *Agt.*"

  The suit brought against the Hibernia company was not duly prosecuted. Judgment of *non pros.* was taken for want of a declaration.

  This suit is brought against the Royal Insurance Company to recover $350, the difference between the $3000 for which its policy was issued, and the $2650 paid, with interest.

  The policy of the Royal Insurance Company contained this clause:

  "It is hereby declared and agreed that, in case of the assured holding any other policy in this or any other company on the property insured hereby, subject to the conditions of average, this policy shall be subject to average in like manner; and it is hereby further declared and agreed that in case there be any insurance in any other office extending to the property hereby insured, then this company, in case of loss, will only be liable to pay its ratable proportion of the damage ascertained in accordance with the conditions of this policy."

  The Hibernia policy contained a condition that "The insurance may also be at any time terminated at the option of the company, on giving notice to that effect and refunding a ratable proportion of the premium for the unexpired term of the policy."

  On the 3d of February, 1874, the Hibernia company determined to cancel its policy, and the secretary prepared the following notice:

" HIBERNIA MUTUAL FIRE INSURANCE CO.,
            " 179 Market street,
      " NEWARK, N. J., February 3d, 1874.

" PETER RIGHTER, ESQ. :

" *Dear Sir*—Please take notice that this company, desiring to cancel policy No. 2240, issued to you July 9th, 1873, will allow you until the 4th day of February, 1874, to replace the same in some other company, but on and after said date we will consider said policy as canceled and of no further force or effect.

                          " WM. O'CONNOR
                                  " *Secretary.*"

The Hibernia policy also contained the following condition : " And it is agreed and declared to be the true intent and meaning of the parties hereto   *   *   *   that if the premises shall become vacant and unoccupied,   *   *   *   from thenceforth this policy shall be void and of no force or effect."

The suit was tried by the court without a jury, and resulted in a finding for the plaintiff. A rule to show cause was granted and the case was certified into this court for its advisory opinion on certain questions of law.

Argued at June Term, 1883, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP

For the plaintiffs, *J. Clarence Conover.*

For the defendant, *G. D. W. Vroom* and *Chilion Robbins.*

The opinion of the court was delivered by

DEPUE, J.   The plaintiffs cannot recover the balance of the adjusted loss on the promise of the defendant contained in the agreement of June 12th, 1875.   That promise to pay was made to Righter's administrators, and was conditional upon their failure to recover a verdict in the suit they had brought against the Hibernia company ; and it was an implied condi-

tion that that suit should be prosecuted to a verdict one way or the other. The suit was not so prosecuted. It was *non prossed* for the failure to file a declaration. The result of this suit must be determined on questions of law, independent of the agreement of June 12th, 1875.

The clause in the defendant's policy with respect to other insurance was part of its contract of insurance. It was one of the terms of the agreement between the parties that in case there should be other insurance upon the property, the company should pay only its ratable proportion of the damages sustained by reason of the fire. The Hibernia policy had been taken out before the defendant's policy was issued. It was taken out for a term of insurance that covered the time when the fire occurred. If that policy was in force when the fire happened, it was other insurance, within the meaning of the defendant's policy, and in that event the defendant is liable only for a ratable proportion of the loss.

The assured was put under no obligation to the defendants to keep up the Hibernia policy. He might consent to or submit to the cancellation of the Hibernia policy before a loss occurred, without affecting his rights under the defendant's policy. *Hand* v. *Williamsburgh Ins. Co.*, 57 *N. Y.* 41, 47. The condition of things to which the clause in the defendant's policy had reference was the existence, in fact, of other insurance on the property at the time of the fire. The case hinges, therefore, on the question whether, as between the Hibernia company and the parties interested in its contract of insurance, its policy had been terminated in accordance with its condition of insurance.

The Hibernia company resolved to terminate its policy on the 4th of February, 1874, and the principal question certified is whether the company did what was necessary to be done, under the terms of its policy, in order to effectuate that purpose, before the fire occurred. The question relates to the form of the notice that was prepared, and the mode of service, and the refunding of a ratable proportion of the premium for the unexpired term—whether these things were done in com-

pliance with the conditions on which the company reserved the power to cancel its policy.

*First.* The notice, we think, was sufficient in form. The notice in *Van Valkenburgh* v. *Lenox,* 51 *N. Y.* 465, was somewhat equivocal in its terms, and yet we do not understand from the opinion of the court that the case was decided and the cancellation declared ineffectual upon the insufficiency of the notice in form. It is reasonable that the underwriter should give the assured a reasonable time to obtain new insurance before enforcing a cancellation of its policy under such a condition. The notice in this case is unequivocal in its import. It notified the assured that on and after the 4th of February, 1874, the company *will* consider the policy as canceled and of no further force or effect. The assured upon whom such a notice was served, would be left in no doubt of the purpose of the company. He could not fail to understand that it was notice of the cancellation of his policy to take effect on the 4th of February, 1874.

*Second.* The proof of service of this notice on Righter in due season is slight. The secretary of the company testified that he prepared it and handed it to Nugent, an agent of the company, on the 3d of February, 1874, with directions to serve it on Righter immediately. Nugent and Righter were both dead at the time of the trial. Righter died in the fall of 1874. One of his administrators testified that he found the notice among the effects of the deceased after his death. There is no other testimony on the subject. The testimony of Righter's administrator is proof that the notice was served upon Righter, but there is no evidence whatever that it was served upon him before the fire occurred. The proof on this subject, we think, is insufficient. A party who seeks the advantage of the termination of a continuing contract before the period limited for its duration, in compliance with a power to terminate contained in the contract, must show by proof that he complied with the conditions on which the power was exercisable, and that he did so at a period before his liability under the contract was incurred. The burden

of making such proof, with respect to the termination of the policy issued by the Hibernia company, rested upon the plaintiffs. They can recover the proportion of the loss in controversy only by showing that they have no right to recover it under the policy issued by the Hibernia company, by reason of the policy issued by the latter having been canceled before the loss.

In another respect, the service of notice is insufficient to answer present purposes. Righter was the owner of the premises insured. The plaintiffs were mortgagees. Both policies contained the provision that the loss, if any, should be payable to the plaintiffs. In the Hibernia policy it was to be payable to the plaintiffs as mortgagees. A mortgagee under such a policy takes the contract of insurance subject to the conditions of the policy, and under a liability to have his rights defeated by a breach of the conditions of insurance by the assured ; but, nevertheless, he takes under a contract with the insurer to pay him according to the terms of the policy. *State Ins. Co.* v. *Maackens*, 9 *Vroom* 564. The contract with the mortgagee is for insurance for the full term for which the policy is issued. The condition in question does not specify, to whom notice shall be given, and on the plainest principles of justice, the insurer, under such a stipulation, cannot terminate the contract of insurance by withdrawing it before the expiration of the term specified in the contract, without notice to the mortgagee. So far as the interest of the mortgagee is concerned, cancellation of the policy without notice to him would be unavailing.

*Third.* The refunding by the company of a ratable proportion of the premium for the unexpired term of the policy, is made a condition precedent to the cancellation of the policy.

The policy having been taken out by Righter, the owner of the premises, and in his name, and the premium, which was the consideration for the insurance, having been paid by him, the repayment to him of the ratable proportion thereof for the unexpired term, would be a compliance with this condition. Although the mortgagees, to whom the loss was

made payable, as security for the mortgage money, would be entitled to notice of cancellation, they had no claim, legal or equitable, on the proportion of the premium to be returned.

But the obligation of the insurer to repay, or tender, the ratable proportion of the premium, is an essential part of the condition to be performed and a prerequisite to the termination of the policy. Notice without repayment, or an actual tender of payment, is no compliance with the condition; and unless there be a waiver of repayment, notice and actual cancellation of the policy by the insurer will amount to nothing. *Van Valkenburgh* v. *Lenox*, 51 *N. Y.* 465; *Hathorn* v. *German Ins. Co*, 55 *Barb.* 28; *Peoria Ins. Co.* v. *Botto*, 47 *Ill.* 516; *Wood on Ins.*, § 106.

Neither payment nor a tender of payment of the unearned premium was made. The secretary calculated the *pro rata* premium for the unexpired term at $19.37. Righter owed the company $22.50 for unpaid premiums on other policies. The secretary made out a bill of these unpaid premiums, on which he stated a credit of the premium on this policy of $19.37. This bill was handed to Nugent with the notice for service on Righter. No other proof of service was given, except that the bill was found among Righter's effects after his death. The policy was also found among his effects, and there is no evidence that he consented to accept this credit in lieu of actual repayment of the *pro rata* premium to be repaid on the cancellation of the policy. It was insisted that this credit was a sufficient repayment, and *Bergson* v. *Builders' Ins. Co.*, 38 *Cal.* 541, was cited. In that case the policy had been issued on a credit of part of the premium, and when the notice of cancellation was given, the payment that had been made by the assured on account of the premium was not sufficient to cover, *pro rata*, the time that had run on the policy. The court held that inasmuch as no part of the premium was repayable, nothing was due to the assured, and no money was to be returned to him, and consequently no tender was required. In this case Righter was entitled to have $19.50 of the $45 he had paid as a premium on this policy refunded to

him. It was not repaid or tendered, and there is no evidence that he waived repayment or consented to the company's credit of it on other demands it had against him. In the absence of such evidence, it does not appear that the policy was lawfully canceled.

*Fourth.* The plaintiffs offered testimony tending to show that the premises insured were vacant and unoccupied at the time of the fire, and had been so for some time previous. The Hibernia policy contains a provision that if the premises insured shall become vacant and unoccupied, from thenceforth the policy should be void and of no force or effect. The policy issued by the defendant contains no such provision. This evidence was competent for the purpose of showing that at the time of the loss there was not, under the Hibernia policy, any " insurance  *  *  *  extending to the property  *  *  *  insured," which was the condition on which the defendant stipulated that it should be liable to pay only its ratable proportion of the damage. If the premises insured became vacant and unoccupied, from thenceforth the Hibernia policy became void, and ceased to be an insurance " extending to the property," (*Sonneborn* v. *Ins. Co.,* 15 *Vroom* 220,) and the plaintiffs took their rights in the Hibernia policy subject to be defeated by a breach of its conditions of insurance. *State Ins. Co.* v. *Maackens, supra ; Warbasse* v. *Sussex Ins. Co.,* 13 *Vroom* 203.

It does not appear that the court below found for the plaintiffs on this ground, and the certificate does not ask the advisory opinion of this court on matters of fact depending on the weight or effect of the evidence. We can only say that if it appeared to the Circuit Court that the Hibernia policy had been avoided on this ground, that would be a complete answer to the defendant's defence.

A certificate will be made in accordance with this opinion.