HOPKINS & COCHRAN v. THE PHŒNIX INSURANCE COMPANY.

Fire Insurance: CANCELLATION OF POLICY UNDER STIPULATION: ACQUIESCENCE : ESTOPPEL. The policy in question contained a provision that it might be terminated at any time, at the option of the company, on giving written or verbal notice to that effect, and refunding or tendering a ratable proportion of the premium for the unexpired term of the policy. The local agents of the company were directed to cancel the policy. They notified the assured of this direction, and that the policy was cancelled. The assured recognized the cancellation as being perfected, and proceeded to negotiate for other insurance, but the policy was never delivered nor the ratable proportion of the premium refunded or tendered, and no demand was made therefor. *Held* that the policy was cancelled, and that the assured, having led the agent to understand that they so regarded it, were estopped to say that it was not, on the ground that the unearned premium had not been refunded or tendered.

*Appeal from Woodbury District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

FILED, OCTOBER 8, 1889.

ACTION upon a policy of insurance. A judgment was rendered for defendant upon a trial by the court without a jury. Plaintiffs appeal.

*John N. Weaver*, for appellants.

*C. L. Wright*, for appellee.

BECK, J.—I. The case was first tried to a jury, and a verdict had for plaintiffs, which, on motion, was set aside, and a new trial had to the court without a jury. No question arises upon this appeal involving any other ruling of the district court, except the judgment for defendant rendered upon the evidence, which is alleged to be erroneous, in that it is without the support of the evidence; and but a single question of fact is in controversy, namely, whether the policy before the loss occurred had been cancelled. The issuing of the policy, and the loss of the property insured by fire, are not disputed. Defendant pleaded, and maintained at the trial, that the policy had been cancelled by defendant under a provision therein contained to the effect that the policy "may be terminated at any time, at the option of the company, on giving written or verbal notice to that effect, and refunding or tendering a ratable proportion of the premium for the unexpired term of the policy." The policy was upon the furniture, fixtures and stage properties of a theater, which, as is shown by evidence, belonged to the class usually designated "varieties." The local agents of the defendant were directed to cancel the policy, under the provision of the policy above quoted. The agents of the defendant testify that they notified the assured of this direction, and that the policy was cancelled, and no insurance was held by plaintiffs under it. The assured recognized the fact that they had no insurance under the policy, and entered into negotiations to secure insurance in the place of the policy cancelled. The policy was not given up, but was brought by the assured to their place of business to be surrended to defendant,

but, as its agents did not call for it, the policy was not delivered to them. The assured recognized the fact that the policy was cancelled, and so regarded it. The assured were not paid the ratable proportion of the premium for the unexpired time of the policy, and no tender thereof was made, but they never demanded it as a condition to the cancellation of the policy, and made no claim against cancellation on the ground of such non-payment. The policy was regarded by both parties as cancelled, and no longer covering the property.

II. The condition of the contract provides that the company may cancel the policy upon payment of the premium so far as it remained unearned. It is meant by this condition that the company may compel cancellation upon such payment, but it is not meant that cancellation cannot be agreed upon by the parties unless the payment be made. In the case before us the evidence shows that the cancellation was recognized by both the agent of defendant and the assured, and neither party regarded the policy thereafter to be of force. Surely it would be most inequitable for the assured to so speak and act as to induce defendant's agent to believe that plaintiffs regarded the policy as cancelled, and, thus leading them into a feeling of security, induce them not to make formal tender of the unearned premium, and demand the policy, with proper writing of cancellation endorsed thereon. They are now estopped to set up the non-payment of the unearned premium, after having induced the belief of defendant's agent that cancellation was recognized by them without such payment. In support of these views, see *Kirby v. Insurance Co.*, 13 Lea, 340; *Hillock v. Insurance Co.*, 54 Mich. 531; 20 N. W. Rep. 571. The foregoing discussion disposes of all questions in the case, and leads to the conclusion that the judgment of the district court ought to be                    AFFIRMED.