# Whoberry v. National Liberty Insurance Company of America.

(Decided June 7, 1929.)

JOHN STITES and S. Y. TRIMBLE for appellant.

BREATHITT & BREATHITT for appellee.

OPINION OF THE COURT BY COMMISSIONER TINSLEY—Affirming.

On March 25, 1926, the appellee issued to the appellant a policy of insurance for $3,200 covering two dwelling houses in Hopkinsville, Ky., in the sum of $1,600 each. For this policy the appellant paid to the agent of appellee the premium amounting to $34.20. The Louisville Title Company held a mortgage lien on both of the houses, and there was inserted in the policy what is known as the ''Standard Mortgage Clause,'' whereby it

was provided that the loss, if any, should be payable to Louisville Title Company as its interest might appear. The insured placed this policy in the hands of the title company. On April 6, 1926, one of the houses was totally destroyed by fire and the other was damaged. The loss was adjusted, and appellee issued its check payable to appellant and Louisville Title Company for the sum of $1,786.09, $1,600 of which covered the loss of the house totally destroyed and $186.09 in payment of the damages sustained to the other house. This check was sent by the appellee to its agent at Hopkinsville, who in turn delivered it to C. D. Oakley, who was local agent of the Louisville Title Company. Oakley carried the check to appellant for his indorsement thereon. This check reads as follows: .

"May 17th, 1926.

"National Liberty Insurance Company of America.

"When endorsed by all payees as directed on the back hereof, pay to the order of E. E. Whoberry and Louisville Title Company One Thousand Seven Hundred Eighty Six and 09/100 in full payment and satisfaction for loss and damages by fire occurring on the 6th day of April, 1926, to the property described in policy No. 8517, issued at Hopkinsville, Kentucky. 3047 Agency, *said policy being hereby cancelled and surrendered.* .

"To Central Union Trust Company of New York."

Across the face of said check there was stamped these words: "Check will not be paid unless cancelled policy is attached."

When Oakley presented the check to appellant for his indorsement, he called his attention to the provision in the face of the check that the policy was canceled and surrendered, and to the notation requiring the canceled policy to be attached to the check before it would be paid. . He testified positively that he read these indorsements to appellant and that appellant himself also read them, and appellant admits in his testimony that he read them and understood what they meant. Appellant indorsed the check, in the place provided for that purpose, on the back of it, returned it to Oakley, who forwarded the check to the Louisville Title Company, where it was annexed to the policy, and the check, with

the policy attached, was deposited in bank for collection and paid by appellee on June 11, 1926, and it then canceled the policy. On June 13, 1926, the house which had been damaged to the extent of $186.09 on April 6, 1926, was again damaged by fire to the extent of $697.86. Appellant made claim upon appellee for this sum, which it declined to pay, on the ground that the policy had been surrendered and canceled in the settlement of the prior loss and before this second loss occurred, and was not in effect on June 13, 1926. Thereupon appellant instituted this action to recover the amount of this second loss. The case was by agreement of the parties submitted to the court without the intervention of a jury; the court made a special finding of law and facts, adjudging that the policy had been canceled and surrendered at the time the check was delivered to appellant, was not in effect on June 13, 1926, at the time of the damage to the house sought to be recovered in the action, and dismissed the petition. Complaining of that judgment the plaintiff has appealed.

Appellant bases his right to recover upon the New York standard cancellation clause contained in the policy, which provides: "This policy shall be cancelled at any time at the request of the insured, or by the Company giving five days' notice of such cancellation. If this policy shall be cancelled, as hereinbefore provided, or become void, or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal; this Company retaining the customary short rate, except that when this policy is cancelled by this Company, by giving notice, it shall retain only the pro rata premium."

He contends that under that clause the policy could only be canceled by giving the notice and return of the unearned portion of the premium paid by appellant as therein provided, and the fact that he surrendered the policy to Oakley, agent of the Louisville Title Company, at the time he accepted and indorsed the check, was not a surrender for cancellation.

In their brief his counsel states this query:

"Was the return of the pro rata unearned premium a condition precedent to the cancellation of the policy?" And then says: "When this question has been answered, the law-suit will have been decided."

That question fairly epitomizes appellant's contention, but it is not of such controlling influence, under the facts of this case, as counsel accords to it. In the case of Nitsch v. American Central Insurance Co., 152 N. Y. 635, 46 N. E. 1149, and Tisdell v. New Hampshire Fire Insurance Co., 155 N. Y. 163, 49 N. E. 664, 40 L. R. A. 765 (relied on by appellant), where the insurance company undertook to cancel a policy upon notice, without tender of unearned premium, the court held a refund or tender of the unearned premium was a condition precedent to the cancellation of the policy. On the other hand, in Davidson v. German Insurance Co., 74 N. J. Law, 487, 65 A. 996, 13 L. R. A. (N. S.) 884, 12 Ann. Cas. 1065, and Mangrum, etc., v. Law Union & Rock Insurance Co., 172 Cal. 497, 157 P. 239, L. R. A. 1916F, 440 Ann. Cas. 1917B, 907, and cases therein cited, it was held that payment or tender of unearned premium is not a condition precedent to cancellation.

In Buckley v. Citizens' Insurance Co., 188 N. Y. 399, 81 N. E. 165, 13 L. R. A. (N. S.) 889, the New York Court of Appeals held that where insured, upon notice that the policy was or would be canceled as of a certain date, voluntarily and unconditionally surrendered the policy for cancellation, payment of the unearned portion of the premium was not a condition precedent to cancellation; and distinguished that case from the Nitsch and Tisdell cases, supra, in that the insured by voluntarily and unconditionally surrendering the policy waived the right to treat the policy in force until the company paid or tendered to him the unearned premium.

That is precisely the situation here. When the check for the first loss, that of April 6, 1926, was presented to appellant, he read the provision in the face of it that the policy is "hereby cancelled and surrendered" and the notice stamped across the face of it that "Check will not be paid unless cancelled policy is attached." Oakley, agent of the mortgagee, Louisville Title Company, also a payee in the check, explained to him that the policy was cancelled and would have to be surrendered and attached to the check before it would be paid. Appellant admits all this. With this knowledge and information he indorsed the check and returned it to Oakley, who sent it to the Louisville Title Company, where the policy was attached and surrendered to appellee for cancellation.

The conclusion is irresistible that appellant then knew and understood that the policy was to be canceled and that it was surrendered for that purpose. Wygal v. Georgia Home Insurance Co., 148 Ky. 674, 147 S. W. 394.

The cancellation clause quoted and relied on by appellant is designed to prescribe a method to be pursued to effect cancellation by either party independently of the other, and before a loss has occurred; and so far as the company is concerned, it provides the means by which it may arbitrarily cancel the policy. It is a statutory enactment of the state of New York and is primarily for the benefit of the insured to prevent the company from terminating the policy without according to the insured time in which to secure other insurance in its stead. It does not purport to be or attempt to prescribe an exclusive means of cancellation, or to deny to either party the right to withdraw from the contract by mutual consent; nor does it prevent insured from waiving notice of cancellation or return of any unearned premium. Undoubtedly he may waive either or both of these conditions, and it has frequently been so held. Warren v. Franklin Fire Insurance Co., 161 Iowa 440, 143 N. W. 554, L. R. A. 1918E, 477; Mangrum v. Law Union & Rock Insurance Co., supra; Ætna Insurance Co. v. Weissinger, 91 Ind. 297; Hopkins v. Phoenix Insurance Co., 78 Iowa 344, 43 N. W. 197.

Under the facts in this case, it is not necessary to construe the cancellation clause relied on, nor to give a categorical answer to the question propounded in appellant's brief. The undisputed testimony and the acts and conduct of appellant lead to but one conclusion, and that is, when he accepted the check in settlement of the loss sustained on April 6, 1926, upon condition that the policy be surrendered for cancellation, he waived any further notice for that purpose and waived the return of any unearned premium. The surrender of the policy and consent to its cancellation was as effective for that purpose as any other means by which cancellation might have been brought about. The policy was not therefore in effect on June 13, 1926, at the time of the loss herein sued for.

The judgment appealed from being in accord with the conclusion herein expressed, it is affirmed.