KARELSEN *et al. v.* SUN FIRE OFFICE.

*(Supreme Court, General Term, First Department.* May 18, 1888.)

INSURANCE—CONTRACT—WHEN RISK ATTACHES.

 Defendant signed a "binding-slip" for insurance on plaintiffs' property, and delivered it to a broker acting for plaintiffs. Defendant's policies contained a provision authorizing the insured to serve notice on the broker procuring the insurance of an intention to avoid the contract. The next day after plaintiffs' broker had procured the "binding-slip," about 3 o'clock P. M., defendant sent word to the broker that it would not be bound, about 15 minutes later that it would accept the risk, and again, at 4 o'clock, that it would not. The property insured was destroyed by a fire which broke out about 3 P. M. that day. *Held*, that the notice was unreasonable, even if given at 12 o'clock, as defendant claimed, and did not avoid the contract. Following *Lipman* v. *Insurance Co., ante,* 384.

Appeal from circuit court, New York county; CHARLES H. VAN BRUNT, Presiding Justice.

This was an action on a contract of insurance, brought by Ephraim Karelsen and Martin Lipman, against the Sun Fire Office of London. There was a verdict and judgment for plaintiffs, and defendant appealed.

*C. B. Alexander*, for appellant. *A. L. Sanger*, for respondents.

BRADY, J. On the 2d of September, 1885, the plaintiffs employed certain brokers to procure a line of insurance on their property. They took what is known as a "binding-slip" to different companies; among others, to the defendants, who agreed to make the insurance, signed the binding-slip, and re-

turned it to the brokers. By the slip the defendants insured the plaintiffs in the sum of $2,500 for 12 months from the date mentioned; and the slip was to be binding upon them until the regular policy of insurance was made out and delivered at the office of the brokers. On the day mentioned the brokers forwarded the slip to the plaintiffs, who had possession of it from that time until the day of the trial herein. The brokers were engaged only for the purpose of securing the insurance mentioned, and had no authority to do anything more. On the 3d of September, at about 3 o'clock, notice was sent to the brokers that the defendant would not be bound, but fifteen minutes later, as claimed by the plaintiffs, the defendants sent word that they would take the risk, and again at 4 o'clock that they would not. The brokers notified them that it was too late that afternoon to get them off the risk. The plaintiffs' property was destroyed by fire, which broke out about 3 o'clock on the afternoon of that day. The defendants insisted, and gave evidence tending to show, that the notice mentioned was served about 12 o'clock on the day of the fire, and that certain representations in reference to the risk which were fraudulent had been made; and further urged, as an objection to the plaintiffs' recovery, that the proofs of loss were not such as were contemplated by the policy. In reference to the last suggestion, it is sufficient to say that, on a former appeal, that question was disposed of adversely to the defendant. It is quite manifest that the defense was placed upon the ground that no contract of insurance existed at the time of the fire. This was based upon a condition of the policy recently adopted by the defendant which authorized them to serve notice on the broker who procured the insurance of an intention to avoid the contract. The issues arising upon the alleged misrepresentations were submitted to the jury upon the proofs taken, which were in conflict, and, the jury having found in favor of the plaintiffs, the disposition made of them cannot be disturbed, for no legal principle can be invoked which would justify the opposite course. The right of the defendants to rely upon the condition of the policy just referred to, authorizing the service by them of notice canceling the policy of insurance, assuming it to have existed, is no protection, for the reason that the notice, whether given at 12 o'clock or later, was unreasonable, and cannot be permitted to absolve them from responsibility. This subject was considered in the case of *Lipman* v. *Insurance Co.*, *ante*, 384, (decided herewith;) and this case, which is in many if not in all respects kindred to that, requires no further consideration than is here given to it. The judgment should be affirmed, with costs.

DANIELS, J., concurring.