## SPRINGFIELD FIRE AND MARINE INS. CO. v. McKINNON & CALL.

### SUPREME COURT, AUSTIN TERM, 1883.

*Insurance— Termination of Risk—Notice of.*—A stipulation in a policy of insurance giving to the company the power to terminate its risk, notice given to the assured of the instructions which the agent had received, fully evidencing the intention of the company to no longer assume the risk, terminated its liability.

After such notice to the assured of the instructions to the agent an agreement with the agent to continue the policy in force would not be binding upon the company.

Appeal from Hill County. Opinion by Stayton, J.

The policy upon which this action was based, was delivered to Golledge, the party insured, on the tenth day of July, 1882, and contained the following clause, "This insurance may be terminated at any time at the request of the assured, in which case the company shall retain only the customary short rates for the time the policy has been in force ; the insurance may also be terminated at the option of the company on giving notice to that effect and refunding a rateable proportion of the premium for the unexpired term of the policy."

The premium was not paid, it being the custom of the agent to collect the same on the first of the month succeeding the delivery of the policy, of which nothing was said at the time the policy was delivered.

Having received instructions from the company to determine the insurance and cancel the policy, on the 18th or 19th day of July, 1882, the agent of the company notified Golledge of that fact, at which time Golledge asked the agent if he could not transfer the policy to another house to which he contemplated moving, to which the agent replied that the company declined to take risks in that row. Golledge then asked the agent if he could not re-write him in another company, to which he replied that he could not, upon which Gol-

ledge requested the agent to permit the policy to stand for a few days; the agent consented to let the policy stand until the succeeding Saturday, which was the 22nd day of the month, at which time the agent terminated the insurance upon his books, of which fact he sought to give notice to Golledge, and for that purpose called at his office several times, but failed to find him.

The property was destroyed by fire on the night of the 27th of July, 1882, and on the 31st of that month the premium was tendered to the agent, who declined to receive it. The policy was transferred to appellees on the same day; the policy giving to the company the power to terminate its risk, the notice given to Golledge of the instructions which the agent had received, fully evidencing the intention of the company no longer to assume the risk, terminated its liability. Directions to the agent to terminate the risk and cancel the policy, was when communicated to the assured, as effective as would have been the most express notice that the policy had been terminated ; for it notified the assured that the company would not consent to be longer bound. Emmmoth v. the State Mutual Fire Insurance Co., 7 Rhode Island, 563; Bergson v. Builders' Insurance Co., 38 Cal. 541; Fabyan v. Union Mutual Fire Insurance Co., 33 N. H. 203.

If after Golledge received notice of the instructions to the agent, he had made an agreement with the agent to continue the policy in force, such an agreement would not have been binding upon the company. Hartford Fire Insurance Co. v. Reynolds, 36 Mich. 507.

It is a familiar rule in the law of agency that, however general may be the powers of an agent, when his powers are revoked in regard to a particular matter, his contracts are not binding upon his principal, if such revocation is known to the person who subsequently deals with the agent in reference to that matter. Story on Agency, 224.

The loss in this case occurred, however, after the time to which the agent had agreed to extend the policy, and no notice subsequent to that time could in any event have been necessary.

The premium not having been paid, there was no necessity to refund, prior to the cancellation of the policy, in order to confer the right to terminate the risk.

It is unnecessary to consider what effect upon the rights of the

parties, the fact that no premium whatever had been paid might have.

As the cause was tried without a jury, such judgment will be here rendered as the district court ought to have rendered upon the evidence, which will be that the appellees take nothing by their suit and that the appellant recover all costs in the court below and in this court.   Judgment reversed and rendered.