## CHADBOURNE *v.* GERMAN-AMERICAN INS. CO.

*(Circuit Court, S. D. New York.* July 16, 1887.)

1. INSURANCE—CANCELLATION OF POLICY—NOTICE.

   A policy of insurance provided that it might be terminated at any time on giving notice to that effect, and that, on surrender of the policy, the insurance company should refund any premium that might have been paid, reserving *pro rata* rates when terminated by the company. The policy was taken out by A., who gave his obligation for the premiums, and made payable to B., a mortgagee. Subsequently the policy was confirmed to B., who had become the owner of the property, and was made payable to C., a new mortgagee. The company notified B. and C. by mail on Friday, which notice was received about 10 o'clock Saturday, that the premium was unpaid, and that the policy would be canceled unless the same was paid on or before the next day. On Saturday the company notified B. and C. by mail, which notice was received about 10 o'clock Monday, that the policy was canceled, and demanded a return of the policy, and payment of the earned premium. The premium was not paid; and the property was destroyed by fire between noon and 2 o'clock on the same day. *Held,* that no notice having been mailed to A., who was alone under any obligation to pay the premium, B. and C. were not guilty of any fraud or default authorizing the attempted cancellation of the policy, and that the company was liable for the loss.

2. SAME—REASONABLE NOTICE—QUESTION OF FACT.

   The question of reasonable notice in such case should be submitted to the jury, when it appears that the property was of such a nature that insurance companies would not take a risk upon it without a survey, and the fact was controverted as to whether there was sufficient time for such survey and reinsurance after the first notice was given, and before the time of the fire.

3. SAME—SURRENDER OF OBLIGATION—SUBMISSION TO JURY.

   In such case it would seem that a surrender of the obligation given by A., the original mortgagor, for the premiums, was requisite to effect a termination of the risk; and if this was so the plaintiff was entitled, in a suit on the policy, to the direction of a verdict in his favor, and the defendant company was not, therefore, wronged by the submission of the case to the jury.

Motion for a New Trial.

*Roger Foster*, for plaintiff.

*William D. Murray* and *Luke A. Lockwood*, for defendant.

WHEELER, J. This action is brought upon a policy of fire insurance. It was originally procured by Nye & Co., on credit for the premiums, and made payable to the Jennings Lumber Drying Company, mortgagees. This company became the owners of the property, and the policy was confirmed to them, and made payable to the plaintiff as mortgagee. It contained a clause providing that it might be terminated at any time on giving notice to that effect, and that, on surrender of the policy, the defendant should refund any premium that might have been paid, reserving *pro rata* rates when terminated by the defendant. On Friday the defendant issued a notice to the Jennings Lumber Drying Company that the premium remained unpaid, and that, if it was not paid on or before the next day, the policy would be canceled, and sent the notice to that company, and a duplicate of it to the plaintiff, both of whom received it on the next day at about 10 o'clock. The premium was not paid by any one, and on that next day, the defendant sent another no-

tiçe to that company, and a duplicate to the plaintiff, that the policy was carceled, and demanding a return of the policy, and payment of the earned premium. These notices were received by that company and the plaintiff on the next Monday, at about 10 o'clock in the forenoon, and the property was destroyed by fire between noon and 2 o'clock on the same day. The defendant resisted recovery on the ground, among others, that the policy was canceled, and notice given before the loss. The court charged the jury on this subject, in substance, that the policy would continue in force until notice was given that it was canceled, and for a reasonable time after, for procuring other insurance to replace it. The jury returned a verdict for the plaintiff, and the defendant moved for a new trial because of this direction to the jury.

In Wood, Fire Ins. § 107, it is laid down that "the insurer cannot be permitted to cancel a policy *instanter*, except in case of fraud on the part of the assured, or acts or omissions that amount to fraud on his part, but must give the assured a reasonable opportunity to secure protection by insurance elsewhere." None of the cases cited by the counsel for the defendant involved this precise point, and they are not really in conflict with this proposition. *Stone* v. *Franklin Ins. Co.*, (N. Y. Ct. App. May, 1887,) 12 N. E. Rep. 45; *Van Valkenburgh* v. *Lenox Fire Ins. Co.*, 51 N. Y. 465; *Bergson* v. *Builders' Ins. Co.*, 38 Cal. 541; *International Life Ins. Co.* v. *Franklin Fire Ins. Co.*, 66 N. Y. 119; *Ætna Ins. Co.* v. *Maguire*, 51 Ill. 351; *Grace* v. *American Cent. Ins Co.*, 16 Blatchf. 433.

The plaintiff in this case was not guilty of any fraud, or of any act or omission amounting to fraud, or tending in that direction. Neither he nor the Jennings Lumber Drying Company were under any obligation to pay the premium. The defendant had accepted the undertaking of Nye & Co. to pay the premium, and delivered the policy as if the premium had been actually paid, instead of withholding it until the premium should be paid; and the policy came to the Jennings Lumber Drying Company and the plaintiff as a valid policy paid for. Nye & Co., on whom the obligation to pay for the policy rested, were not notified that the policy would be canceled, if the premium was not paid, and the Jennings Lumber Drying Company and the plaintiff were not notified that Nye & Co. had not been so notified, and would not know that the premium had not been paid by Nye & Co. until they received notice that the defendant had canceled the policy. They are therefore not only not shown to have been guilty of any fraud, but not of any default even. The defendant could unquestionably cancel the policy in the manner prescribed in it for the default of Nye & Co., or for any other cause, or without any cause, but had no claim upon any one else for the premium, and could not enforce payment from any one else except by threatening to cancel the policy if payment should not be made. This part of the defendant's case rested, therefore, upon the right of the defendant to cancel the policy instantly, so as to terminate all liability upon it at that moment, which, according to this proposition, did not exist.

The defendant urges further, in support of the motion, that the question of reasonable notice should have been determined by the court, and

not submitted to the jury. This would probably be true if there was no question about the facts. But evidence was introduced tending to show that this property was of such a nature that insurance companies would not take a risk upon it without a survey, which could not have been had, and insurance effected, after the first notice was given even, before the fire; and on the other side it was claimed that by the known usages of such business it could have been done in a very short time. On this there was a question of fact to be submitted to the jury as to how long it would take to effect an insurance, if any time was to be allowed for that purpose.

It is further to be noticed that, by the terms of this policy, it could be terminated on giving notice to that effect, but the premium was to be refunded only on surrender of the policy. These notices were sent by mail, and the plaintiff and the Jennings Lumber Drying Company had no opportunity to surrender the policy, and have an adjustment of the premium, without seeking out the defendant for that purpose. No premium had been actually paid, but the defendant had the obligation of others for it which had been accepted in lieu of it. The right to cancel depends on pursuing very strictly the course prescribed, which includes the refunding of the premium, without requiring anything from the assured. This is shown by the cases cited by the defendant's counsel before referred to. If the note of the assured is taken for the premium, it must be refunded the same as if money had been paid in order to terminate the risk. Wood, Fire Ins. § 106. The defendant did not surrender the obligation of Nye & Co., held for the premium either to Nye & Co., or the Jennings Lumber Drying Company, or the plaintiff, but holds that obligation still. On principle it would seem that the surrender of that was a part of what was required to be done to effect a termination of the risk. If so, the plaintiff was entitled to the direction of a verdict in his favor as to this part of the case, and the defendant was not wronged by having it submitted to the jury. Motion denied.