EPHRAIM KARELSEN et al., Respondents, v. THE SUN FIRE OFFICE OF LONDON (Limited), Appellant.

| | |
|---|---|
| 122 | 545 |
| 161 | 420 |
| j 161 | 428 |
| 162 | 288 |
| j 162 | 299 |
| j 162 | 303 |

*It seems* that when a fire insurance company signs and delivers to an insurance broker employed to procure insurance, what is known as a "binding slip," agreeing to make the insurance, the slip to be binding until a regular policy is made out and delivered, the contract evidenced by the slip is the ordinary policy issued by the company.

*It seems*, therefore, when such policy contains provisions authorizing the company to terminate the insurance at any time by giving notice to that effect, and that if any broker has procured the policy, he shall be deemed to be the agent of the insured, notice of cancellation of the contract given to the broker before delivery of a policy is effectual.

*Hermann* v. *N. F. Ins. Co.* (100 N. Y. 411), distinguished.

Plaintiffs were copartners, doing business under the name of the S. S. S. Co. In that name they made application to defendant for insurance. A fire having destroyed the property, proofs of loss were made out in which the firm name was used, and also signed at the end thereof by K., one of the plaintiffs, and underneath it his own name with "Treas." added. K. also made oath to the truth of the statements. *Held*, that, in the absence of any provision in defendant's policy requiring the names of the individual members of the firm to be given, such use of the partnership name was proper.

(Argued October 27, 1890; decided December 2, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order

made March 3, 1888, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

The nature of the action and the material facts are stated in the opinion.

*E. L. Richards, Jr.*, for appellant. At the time of the fire there existed between the parties no contract of insurance. It had been duly terminated by the notice of cancellation given to the brokers or agents of the plaintiffs. (31 N. Y. S. R. 286; *Stone* v. *F. Ins. Co.*, 105 N. Y. 543; *Armour* v. *T. Ins. Co.*, 15 J. & S. 352; 90 N. Y. 450; *S. Co.* v. *T. Ins. Co.*, 64 id. 85; *Grace* v. *A. C. Ins. Co.*, 17 Blatchf. 443.) Errors in the charge of the court, even if not excepted to, furnish ground for a new trial. (*Pettis* v. *Pier*, 4 T. & C. 690; *Costello* v. *S. R. R. Co.*, 65 Barb. 95, 105; *Johnson* v. *McConnel*, 15 Hun, 293; *Ackart* v. *Lansing*, 6 id. 476; *Bennett* v. *Johnson*, 2 Lans. 94; *Greene* v. *White*, 37 N. Y. 405; *Arnold* v. *Angell*, 62 id. 508; *Meeker* v. *Wright*, 76 id. 272; *Davis* v. *Mayor, etc.*, 14 id. 506.) Even if a contract still existed between the parties, the plaintiff, having failed to furnish proper and sufficient proofs of loss, cannot recover. (*McMasters* v. *W. Ins. Co.*, 25 Wend. 379; *Billbrough* v. *M. Ins. Co.*, 5 Duer, 587; *O'Neill* v. *B. F. Ins. Co.*, 3 N. Y. 122; *Brown* v. *L. A. Corp.*, 40 Hun, 103; *Kernochan* v. *N. Y. B. Ins. Co.*, 17 N. Y. 428; *Pratt* v. *N. Y. C. Ins. Co.*, 55 id. 505; *Frost* v. *S. Ins. Co.*, 5 Den. 154; *Graham* v. *P. Ins. Co.*, 77 N. Y. 171; *Cornell* v. *Le Roy*, 9 Wend. 163; *Bentley* v. *Smith*, 3 Caines, 169.) The condition precedent of proper proof of loss was, as a matter of law, never waived by defendant. (*Underwood* v. *F. Ins. Co.*, 57 N. Y. 506; *Ripley* v. *Æ. Ins. Co.*, 30 id. 136; *Graham* v. *F. Ins. Co.*, 9 Daly, 341, 347; *Kimball* v. *H. Ins. Co.*, 8 Bosw. 503; *McDermott* v. *L. Ins. Co.*, 12 J. & S. 221; *Brown* v. *Bowen*, 30 N. Y. 519; *Penfield* v. *Dunbar*, 64 Barb. 239; *Victor* v. *I. Co.*, 13 J. & S. 129; *Buhrman* v. *Baylis*, 14 Hun, 608; *Baker* v. *U. Ins. Co.*, 43 N. Y. 283; *Brink* v. *H. Ins. Co.*, 80 id. 108.) Admitting, for the sake of argument, that there was a waiver, such

waiver was a question of fact to be determined by the jury, and could not be decided by the justice at Circuit on defendant's motion to dismiss the complaint. (*Smith* v. *H. Ins. Co.*, 37 Hun, 39, 40; *Brink* v. *H. Ins. Co.*, 80 N. Y. 112; *Hermann* v. *N. F. Ins. Co.*, 100 id. 416.) If there was a contract, the material false representations as to other insurance, as to the real identity of plaintiffs, and as to the question of prison-risk, are alone sufficient to avoid it. (*Noyes* v. *H. Ins. Co.*, 54 N. Y. 668; *Clinton* v. *H. Ins. Co.*, 45 id. 461; *Burrows* v. *Turner,* 24 Wend. 277; *Davis* v. *Boardman*, 12 Mass. 30; 1 Phil. on Ins. 163; *Standard Oil Co.* v. *Amazon Ins. Co.*, 14 Hun, 619; *Armour* v. *T. Ins. Co.*, 90 N. Y. 456; *Sprague* v. *H. P. Ins. Co.*, 69 id. 128.) There are no sufficient parties plaintiff. (Code Civ. Pro. § 452; *Smith* v. *Crichton*, 33 Md. 106; *R. B. Co.* v. *Gill*, 15 La. Ann. 500; *Wright* v. *Williamson*, 3 N. J. L. 978; *Choteau* v. *Raitt*, 20 Ohio, 133.)

*Adolph L. Sanger* for respondents. The contract of insurance made by the defendant with the plaintiffs was absolute. (*Post* v. *Æ. Ins. Co.*, 43 Barb. 352, 362, 363; Angell on Ins. § 33; *Ellis* v. *A. C. Ins. Co.*, 50 N. Y. 402; *Train* v. *H. Co.*, 62 id. 602; *Angell* v. *H. Ins. Co.*, 59 id. 171; *Lipman* v. *N. F. Ins. Co.*, 31 N. Y. S. R. 287.) The plaintiffs received no notice of the termination of the contract of insurance. (*Hermann* v. *N. Ins. Co.*, 100 N. Y. 411, 416; *Grace* v. *A. Ins. Co.*, 109 U. S. Rep. 288; *White* v. *C. Ins. Co*, 120 Mass. 330; *Von Wein* v. *Ins. Co.*, 20 J. & S. 490; *Stilwell* v. *M. L. Ins. Co.*, 72 N. Y. 385; *Hodges* v. *S. Co.*, 33 Hun, 583; *L. & L. F. Co.* v. *Furnbull*, 86 Ky. 230; *Van Valkenburg* v. *L. F. Ins. Co.*, 51 N. Y. 465, 469.) The plaintiffs could not be bound by the alleged notice of cancellation because the notice was not given until after defendant's liability had become fixed. (*Van Valkenburg* v. *L. F. Ins. Co.*, 51 N. Y. 467.) If any notice of cancellation were given to the assured, the notice was not a reasonable notice. (*Blaine* v. *R. F. Ins. Co.*, 3 Lans. 421.) The claim made by

defendant that the proofs of loss were inadequate is untenable.
(*O'Neil* v. *B. F. Ins. Co.*, 3 N. Y. 122; *Brink* v. *H. Ins.
Co.*, 80 id. 112; *Barnum* v. *M. F. Ins. Co.*, 97 id. 194;
*Hermann* v. *N. Ins. Co.*, 100 id. 411, 416; *Jones* v. *H. Ins.
Co.*, 117 id. 103; *O'Brien* v. *P. Ins. Co.*, 76 id. 459; *Wright*
v. *Hooker*, 10 id. 51; *Crawford* v. *Collins*, 45 Barb. 269;
*Lauferty* v. *Wheeler*, 11 Abb. [N. C.] 220, 224; *Clinton* v.
*H. Ins. Co.*, 45 N. Y. 454; *Bidwell* v. *N. W. Ins. Co.*, 19
id. 182; *Pitney* v. *G. F. Ins. Co.*, 65 id. 14.)   The objec-
tion that there is a defect of parties plaintiff, is not available
to the defendants.   (*Karelsen* v. *S. F. Ins. Co.*, 45 Hun, 146;
*Richardson* v. *Hudhitt*, 76 N. Y. 55, 58; *Burkle* v. *Eckart*,
1 Den. 337; *Smith* v. *Bodine*, 74 N. Y. 30; *Burnett* v.
*Snyder*, 76 id. 344 · 81 id. 550.)

PARKER, J.   The action was brought upon an alleged con-
tract of fire insurance to recover $2,500 for loss sustained by
the burning of certain stock and machinery belonging to the
plaintiffs.   It appears that on September 2, 1885, the plaintiffs
directed Pell, Wallack & Co., insurance brokers, to procure
for them a line of insurance amounting to $10,000.   They
applied to defendant and it agreed to take $2,500 of the
amount and signed and delivered to the brokers what is
known as a "binding slip," in which it agreed to insure
plaintiffs for twelve months from September 2, 1885.   The
slip to be binding until the regular policy of insurance was
made out and delivered.   Later in the day, defendant sent a
messenger to the office of the brokers to inform them that
the defendant declined to take the risk, but the office was
closed.   The day following, notice was duly given the brokers,
but the time of giving it was a matter of controversy on the
trial.   On the part of the plaintiffs, the brokers testified that
the notice was not given until about 4 o'clock, while the defend-
ant's evidence was to the effect that it was given not later than
half past one.   This discrepancy was of moment because the
fire which consumed the plaintiffs' property broke out shortly
after three o'clock, and by four o'clock had spent its force.

The appellant insists that the trial court erred in refusing to dismiss the complaint on the ground that "the policy if it existed at all was canceled on the third of September before the fire."

The trial court adopted the view that defendant was powerless to cancel the policy except by giving notice to the plaintiffs; that notice to the brokers was not sufficient. We do not agree with the learned judge in that respect, for, while the binding slip contained none of the conditions usually found in insurance policies, the contract evidenced by it was the ordinary policy of insurance issued by the company. So that, in any construction of the contract, it must be regarded as "though it had expressed that the present insurance was under the terms of the usual policy of the company to be thereafter delivered." (*Lipman* v. *Niagara Fire Ins. Co.*, 121 N. Y. 454.) By the terms of the regular policy of the company it is agreed that the insurance may be terminated at any time at the option of the society on giving notice to that effect and refunding a ratable proportion of the premium for the unexpired term of the policy. As the premium had not been paid, the company had but to give notice of termination to the plaintiffs or their authorized agents. The policy further provides " that if any broker or other person than the insured has procured this policy or any renewal thereof, or any indorsement thereon, he shall be deemed to be the agent of the insured, and not of the society in any transaction relating to the insurance." This clause in the policy, together with the facts proven as to the relations existing between the plaintiffs and the brokers, bring this case within the authority of *Stone* v. *Franklin Fire Ins. Co.* (105 N. Y. 543), and establishes that notice of cancellation could have been effectually given to the brokers.

The *Hermann* case (100 N. Y. 411) is not applicable, for in that case the policy had been delivered to the assured and the authority of the brokers was at an end. While here the brokers had not, as yet, obtained the policies, and in the *Stone* case had not made delivery to the assured. Consequently their right as well as their duty to represent the plaintiffs in

all matters necessary to accomplish that which they had under-taken, remained.   Notice of cancellation to the brokers, there-fore, at any time before the happening of the fire, would have terminated defendant's contract with the plaintiffs.   And if plaintiffs' evidence as to the time of giving notice had not been contradicted the defendant's motion for a nonsuit would have been well founded.   But the broker's testimony fixed the time as later than the commencement of the fire and, if true, too late to terminate the contract, for the contingency on which the liability was made to depend had occurred and the com-pany was an absolute debtor to the plaintiffs.   A question of fact was, therefore, presented for determination by the jury and the ground assigned for nonsuit under consideration was not well taken.   In his charge to the jury, the court, instead of submitting the question of fact which we have specified, erroneously instructed them that the broker had fulfilled his duty and that if the company desired to cancel the policy it was bound to notify the principal.   But no exception was taken to the charge in such respect, nor any reference made to it except by the following request: " I also ask your honor to charge directly the converse of what your honor has charged — that if the jury believe that on the third of September notice was sent to the brokers canceling the policy, that such notice was a good notice and did cancel and terminate the risk." The request was declined, and the defendant excepted.   The request was too broad, in that it ignored the dispute as to the time of serving the notice on the brokers.   It was the defend-ant's right to have had the jury instructed that if they believed the notice of cancellation to have been given at or before half-past one on the third, as testified to by the defendant's manager, then the policy was cancelled.   No such request was made. The instruction asked for necessarily assumed the facts to have been as asserted by the defendant.   Had it been granted it would have required the jury to find for the defendant whether they believed the plaintiffs' or defendant's witnesses correctly stated the time at which the notice was given, for all agreed that it was given on the third of September.

The defendant's counsel, in his motion to dismiss the complaint, assigned as further ground " that there was no proof of loss." Proofs of loss were served upon the defendant, but it is asserted that they were insufficient in that, (1) they were not properly signed; and (2) that they omitted to state the interest of the plaintiffs therein. The plaintiffs were partners doing business under the name of the Shaped Seamless Stocking Company. In that name application was made for insurance and granted. When the proofs of loss were prepared the firm name was also used throughout and signed at the end thereof, and underneath was the signature " Jaques E. Karelsen, Treas." Karelsen was one of the partners, and made oath to the truth of the statement furnished as proof of loss. True, he added to his signature the word " Treas." What may have been his reason for it was not disclosed. It does not appear to have been done to mislead the defendant in any way, or that such was its effect. Without the word " Treas." the signing and verification seem to have been in compliance with the requirements of the policy, and it should be treated as surplusage. The proofs stated with great clearness the interest of the insured. True, the partnership name rather than that of each individual member of it was used, but this was not error. The policy does not object to it. It does not suggest that in describing the interest of the insured that each partner's name should be given rather than the firm name.

There are no other exceptions requiring consideration.

The judgment should be affirmed.

All concur; POTTER, J., in result.

Judgment affirmed.