CATALINA BEAMUD, Plaintiff and Appellee, *v.* PORTO RICAN & AMERICAN INSURANCE COMPANY, Defendant and Appellant.

No. 3622.   Argued November 20, 1925.—Decided May 4, 1926.

*F. B. Fornaris* for the appellant.   *Hugh R. Francis* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Catalina Beamud brought suit against The Porto Rican & American Insurance Company to recover the sum of $1,623.25 for damages done to certain furniture insured by the defendant as the result of a fire that occurred on the morning of February 24, 1922, in a building known as the "Colonial Café" of this city.

In the afternoon of the night of the fire, between five and

six o'clock, the defendant, by an employee, delivered to the plaintiff a letter wherein she was given notice that the policy insuring her furniture for $2,000 was canceled. The plaintiff protested the cancellation, saying that she was left without protection, and although it is well to make clear that there were no acts of violence and threats to obtain a surrender of the policy by the plaintiff, as alleged in the complaint, it is true, however, that the defendant insisted upon a surrender of the policy for the reason, as urged by the employee, that if the policy was not surrendered it would have no legal effect in case anything should occur. It seems to be clearly inferred that that "anything" had reference to the fire that might occur and which was covered by the contract of insurance in consideration of the premium paid to the defendant, which in fact did occur some hours later in the night. We agree with the appellant that surrender of the policy was not essential in order that the cancellation should take effect; but it is a fact, considering the manner in which it was demanded, for presuming, as was presumed by the court below, that the reason given for the cancellation was not that stated in the notice wherein the reason given was that the owners of the building, González Padín & Co., desired to begin construction of a new building within a short time, but the fire that occurred a few hours later and caused the loss or damage sued for. The said letter or notice was worded as follows:

"Mrs. Catalina Beamud, c/o Colonial Café.—San Juan, P. R.— Dear Madam: As we know that Messrs. González Padín & Co., of this city, want to build a new house on that place within a short time, we have taken the liberty to cancel your policy against fire, No. 15698, in the amount of $2,000 which covers the furniture that you have in that building. Enclosed you will please find our check for $7.35 which is the difference between the earned and unearned premium, as well as our endorsement of said cancellation.—Regretting the necessity of canceling our policy, we are pleased to remain, yours very truly."

The lower court found as follows:

"After a study of the evidence and the pleading we believe that taking into account the date, the hour and the way in which the plaintiff was notified of the cancellation by the defendant of the policy of insurance in her favor, and the reason that induced the company to cancel that policy; that all of this, connected with the fact that the fire took place as expected, leads us to decide in favor of the plaintiff that the cancellation was not made in good faith and that the policy should be deemed to be in force."

The appellant insists that clause 10 of the policy authorized a cancellation of the policy at any time and hour and to take effect immediately. The said clause provides:

"10.—The assured may at any time exact the cancellation of this insurance, it being understood that the fraction of the premium corresponding to the due instalment, estimated according to the ordinary rate for short term insurance, shall accrue to the company. The company shall have the same right to terminate its insurance at any time by notice to the assured, who then may demand the refund of the part of the premium corresponding to the time yet to run from the date of the cancellation."

This clause by its terms is meant to reserve to the parties reciprocally, at their option, the right to cancel.

As regards such conditions, however, the authorities are not in accord as to whether the notice should take effect immediately, *eo instanti,* or whether an opportunity or reasonable time should be given to enable the assured to take insurance from another insurance company. Even those authorities which sustain the former view have held that the notice must be given in good faith. At least that is laid down in the case of *Lipman* v. *Niagara F. Ins Co.,* 121 N. Y. 454, cited by both parties. In volume 39 L.R.A. (N. S.) 829, in the note under the heading "From what time does notice of cancellation of fire insurance become effective," are found the following citations, which include the *Lipman Case, supra:*

"In the absence of express stipulation as to the required notice,

it has been held that reasonable notice must be given. Karelsen v. Sun Fire Office, 16 N.Y.S.R. 239, 1 N. Y. Supp. 387; McLean v. Republic F. Ins. Co., 3 Lans. 421; Chadbourne v. German-American Ins. Co., 31 Fed. 533; and see Lipman v. Niagara F. Ins. Co., 16 N.Y.S.R. 231, 1 N. Y. Supp. 384, where the reasons for this rule are forcibly presented, but which was reversed in 121 N. Y. 458, 8 L.R.A. 719, 24 N.E. 699.

"But in Lipman v. Niagara F. Ins. Co., 121 N. Y. 454, 8 L.R.A. 719, 24 N.E. 699, it was held that the cancellation of an insurance policy which provides that it may be terminated on notice, is effected *eo instanti* on notice given in good faith by the insurer, if no premium has been paid. To the same effect is Springfield F. & M. Ins. Co. v. McKinnon, 59 Tex. 507.''

██ In regard to the option of an insurer to cancel a policy the following is said in Joyce on Insurance, p. 1662:

"Although a reserved right to cancel a policy may be exercised in case the risk is subjected to a greater danger of fire than existed when the policy was issued, provided the right is exercised in good faith, yet if the act of cancellation will operate as a fraud upon the insured, by reason of some special emergency, such as an approaching conflagration, or a probable and threatened peril from fire which makes the liability to loss imminent the privilege reserved to terminate the policy on notice can not be exercised, for to admit such a right would render policies valueless. And in case the notice of cancellation is given in the face of such imminent danger, it can not aid the assurer that the property is actually destroyed by fire from another quarter.''

The evidence showed clearly that immediately after the surrender of the policy to the defendant (6.30 in the afternoon) the plaintiff telephoned Sobrinos de Ezquiaga for the purpose of securing a new insurance on her furniture and was informed that she had called after office hours; that the personnel of the office had gone, and that it was not possible to issue any insurance. An employee of Sobrinos de Ezquiaga testified to that effect.

There was no evidence connecting the plaintiff in any way with the origin of the fire.

Under the circumstances of this case we agree with the

lower court that the notice of cancellation given to the plaintiff could not have immediate effect and that the plaintiff is entitled to recover for the loss suffered.

Finally, we agree with the appellee that, as the defendant refused to pay the policy because it was considered canceled, all technical questions as to notice and proof of loss, etc., remain without force or effect.

For the foregoing reasons the judgment appealed from must be affirmed.

Justices Wolf and Aldrey dissented.