CATALINA BEAMUD, demandante y apelada, v. THE PORTO RICAN & AMERICAN INSURANCE COMPANY, demandada y apelante.

No. 3622.—*Visto:* Noviembre 20, 1925.   *Resuelto:* Mayo 4, 1926.

1. SEGUROS—CANCELACIÓN, ENTREGA *(Surrender),* ABANDONO O RESCISIÓN DE LA PÓLIZA—NOTIFICACIÓN DEL AVISO DE CANCELACIÓN—EN GENERAL.—Cuando en póliza se reserva a las partes recíprocamente, a opción, el derecho a cancelar mediante notificación a la otra, el asegurador, para cancelar, debe hacer al asegurado una notificación razonable.

2. SEGUROS—CANCELACIÓN, ENTREGA *(Surrender),* ABANDONO O RESCISIÓN DE LA PÓLIZA — NOTIFICACIÓN DEL AVISO DE CANCELACIÓN — MOMENTO DESDE EL CUAL SURTE EFECTO.—Un asegurador que ejercita el derecho reservado para cancelar dando el aviso de cancelación en inminente peligro y cuando el asegurado no tiene oportunidad, por la hora en que se da, de acudir a otra compañía aseguradora para obtener un nuevo seguro, en ausencia de prueba que relacione al asegurado con el origen del fuego, la notificación del aviso no tiene efecto inmediato y el asegurado tiene derecho a recobrar bajo la póliza.

3. SEGUROS—CANCELACIÓN, ENTREGA *(Surrender),* ABANDONO O CONFISCACIÓN DE LA PÓLIZA—DERECHO RESERVADO A CANCELAR—EJERCICIO DEL DERECHO— BUENA FE.—El derecho reservado para cancelar una póliza debe ejercitarse de buena fe, pues si la cancelación ha de ocasionar al asegurado un fraude debido a alguna emergencia especial, no puede ejercitarse el privilegio reservado de terminar la póliza mediante notificación.

4. SEGUROS—AVISO Y PRUEBA DE PÉRDIDAS—CUÁNDO NO HAY NECESIDAD DE ELLO. —Cuando la compañía de seguros se niega a pagar una póliza por considerarla cancelada, quedan sin efecto todas las cuestiones técnicas de aviso de pérdidas y demás.

SENTENCIA de *Charles E. Foote,* J. (Primer Distrito, San Juan), declarando con lugar la demanda, con costas. *Confirmada.*

*F. B. Fornaris,* abogado de la apelante; *Hugh R. Francis,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Catalina Beamud dedujo demanda contra The Porto Rican & American Insurance Co. para recobrar la suma ·de $1,623.25 por el deterioro sufrido a cierto mobiliario asegurado con la demandada y ocasionado por un incendio ocurrido en la madrugada del 24 de febrero de 1922 en el edificio conocido con el nombre de "Café Colonial," de esta ciudad.

La tarde de la noche del siniestro, después de las cinco

o seis p. m., la demandada por conducto de un empleado entregó a la demandante una carta en la que le notificaba el aviso de que la póliza que aseguraba el mobiliario por $2,000 quedaba cancelada. La demandante protestó de la cancelación diciendo que se le dejaba en descubierto, y si bien es de aclararse que no hubo los actos de violencia y amenazas que se alegan en la demanda para recoger la póliza de la demandada, es lo cierto, sin embargo, que hubo mucha insistencia para obtenerla en razón, según dicho empleado, de que si no se entregaba no tenía ningún efecto legal en caso de que ocurriese algo. Parece inferirse claramente que ese "algo" tenía que referirse al siniestro o conflagración que pudiera sobrevenir y que constituía el objeto o provisión del contrato de seguro mediante la prima que recibió la demandada, y que en efecto, ocurrió horas después durante la noche. Convenimos con la apelante que la entrega de la póliza no era importante para que tuviera efecto la cancelación, pero es una circunstancia, dada la forma en que fué exigida, para presumir, como lo hizo la corte inferior, que el motivo para cancelar no fué el que se consignaba en la carta que servía de aviso para cancelar diciéndose como tal que los dueños del edificio, González Padín y Co., deseaban fabricar dentro de poco, sino el incendio que ocurrió a las pocas horas, en el mismo edificio, originando las pérdidas o daños que se reclaman. Dicha carta o aviso estaba redactado en esta forma:

"Sra. Catalina Beamud, c/o Café Colonial.—San Juan, P. R.— Muy Sra. n/ y amiga: Como sabemos que los Sres. González Padín & Co., de ésta, desean dentro de breve fabricar en ese local nos hemos permitido cancelarle su póliza contra incendio No. 15698 por $2,000 cubriendo el mobiliario que tiene Ud. en ese establecimiento. Incluso se servirá encontrar nuestro check por $7.35 que cubre la diferencia de la prima por el tiempo que ha transcurrido, así como también nuestro endoso haciendo constar dicha cancelación.—Sin otro asunto por el momento y sintiendo que hayamos tenido necesidad de cancelar nuestra póliza, nos repetimos a sus órdenes, attos. amigos y SS. SS."

La corte inferior apreciando en conjunto la prueba dijo:

"Estudiada la prueba y alegaciones, consideramos que teniendo en cuenta la fecha, hora y forma en que se dió aviso a la demandante de la cancelación acordada por la demandada de la póliza de seguro a su favor, y el motivo que indujo a la compañía a cancelar esa póliza, que todo esto unido al hecho de que el incendio se declaró tal como había sido anunciado, es bastante para decidirnos a resolver a favor de la demandante que esa cancelación no ha sido hecha de buena fe, y que la póliza debe considerarse en vigor."

La apelante insiste en que la cláusula 10 de la póliza autorizaba a cancelar la póliza en cualquier fecha y hora para tener un efecto inmediato. Dicha cláusula dice:

"Artículo 10.—El asegurado podrá en cualquier tiempo exigir la anulación del presente seguro, quedando entendido que la fracción de prima correspondiente al plazo vencido, calculada según la tarifa ordinaria de los seguros de corto plazo, quedará de propiedad de la compañía. Esta tendrá el mismo derecho de cesar en cualquier época en su garantía, por medio de una simple notificación al asegurado quien entonces podrá exigir la devolución de la fracción de prima correspondiente al tiempo que falte por correr desde la fecha de la anulación."

Esta cláusula por sus términos está concebida en sentido de que las partes se reservan recíprocamente, a su opción, el derecho de cancelar.

En cláusulas de esa naturaleza las autoridades, sin embargo, no están de acuerdo si el aviso debe tener un efecto inmediato, *eo instanti,* o si una oportunidad o tiempo razonable debe ser dado para que el asegurado pueda recurrir a otra compañía de seguros. Aún aquellas autoridades que sostienen lo primero, han establecido no obstante que el aviso debe ser de buena fe. Al menos así queda sentado en el caso de *Lipman* v. *Niagara F. Ins. Co.,* 121 N. Y. 454, que citan una y otra parte. En el volumen 39 L.R.A. (N. S.) 829, en la nota bajo el epígrafe "Desde qué momento surte efecto un aviso de cancelación de seguro contra in-

cendio,'' se encuentran resumidas las siguientes citas, que incluyen el caso de *Lipman, supra:*

"A falta de estipulación expresa respecto a la notificación requerida, se ha resuelto que debe hacerse una notificación razonable. Karelsen v. Sun Fire Office, 16 N. Y. S. R. 239, 1 N. Y. Supp. 387; McLean v. Republic F. Ins. Co., 3 Lans. 421; Chadbourne v. German-American Ins. Co., 31 Fed. 533; y véase el caso de Lipman v. Niagara F. Ins. Co., 16 N. Y. S. R. 231, 1 N. Y. Supp. 384, en el cual las razones de esta regla se presentan, pero que fué revocado en 121 N. Y. 458, 8 L. R. A. 719, 24 N. E. 699.

"Pero en el caso de Lipman v. Niagara F. Ins. Co., 121 N. Y. 454, 8 L. R. A. 719, 24 N. E. 699, se resolvió que la cancelación de una póliza de seguro en la cual se prescribe que puede ser terminada mediante notificación, puede hacerse *eo instanti* al hacerse una notificación de buena fe por el asegurador, si no se ha pagado ninguna prima. En el mismo sentido se pronuncia el caso de Springfield F. & M. Ins. Co. v. McKinnon, 59 Tex. 507.''

Joyce on Evidence, p. 1662, en relación con la opción de un asegurador para cancelar una póliza, dice lo siguiente:

"Aunque puede ejercitarse un derecho reservado para cancelar una póliza en caso de que el riesgo esté sujeto a un peligro mayor de fuego del que existía al expedirse la póliza, siempre que el derecho se ejercite de buena fe, sin embargo, si el acto de la cancelación ha de ocasionar un fraude al asegurado debido a alguna emergencia especial, tal como la proximidad de un fuego, o un peligro probable y amenazador de fuego que hace inminente la responsabilidad de pérdida, no puede ejercitarse el privilegio reservado de terminar la póliza mediante notificación, pues de admitirse tal derecho las pólizas resultarían sin valor. Y en el caso de que se dé el aviso de cancelación en vista de tal peligro inminente, no puede servir de razón al asegurador el hecho de que la propiedad haya sido ciertamente destruída por un fuego procedente de otra parte.''

La prueba estableció claramente que no bien la demandada recogió la póliza (6 y media de la tarde), la demandante llamó por teléfono a la casa de Sobrinos de Ezquiaga con objeto de obtener un nuevo seguro sobre sus muebles y se le contestó que eran horas fuera de oficina, que el personal se había marchado y que no era posible expender un

seguro.   Un empleado de Sobrinos de Ezquiaga declaró en ese sentido.

No hubo prueba en absoluto que relacionara de algún modo a la demandante con el origen del fuego.

Bajo las circunstancias de este caso concurrimos con la corte inferior de que la notificación del aviso para cancelar no pudo tener un efecto inmediato y que la demandante tiene derecho a recobrar las pérdidas sufridas.

Concurrimos, por último, con la apelada que habiéndose negado la demandada a pagar la póliza por considerarla cancelada, quedan sin efecto todas las cuestiones técnicas de aviso de pérdidas, etc.

*Por todo lo expuesto, debe confirmarse la sentencia apelada.*

Los Jueces Asociados Sres. Wolf y Aldrey disintieron.